SCHOOL DISTRICT NO. 7, KEELER TWP., v. FARMERS MUTUAL FIRE INSURANCE CO. OF DOWAGIAC.

1. Appeal and Error—Insurance—Fire Insurance—Notice of Assessment.

In action against mutual fire insurance company on policy, finding of jury that notice of assessment had been given, supported by evidence, is conclusive, on review.

2. Same—Notice of Assessment—Question for Jury.

Where insured's counsel conceded at trial that question of whether notice of assessment had been given insured was issue of fact, its contention, on review, that there was no issue of fact on said question, is not entertained.

3. Insurance—Construction of Policy in Favor of Insured.

If there be language in fire insurance policy calling for construction, it should be construed in favor of insured.

4. Same—Forfeiture—Failure to Pay Assessment.

If mutual fire insurance policy contains no provision for forfeiture for insured's failure to pay assessments, failure to pay same on day named therein will not constitute forfeiture of policy.

5. Same—Provision for Forfeiture on Nonpayment of Assessment Valid.

Clause in mutual fire insurance policy stating that assessment shall be paid within stipulated time or policy will be forfeited is valid, and operates of itself to work forfeiture, where there is no provision for suspension, and assessment is not so paid.

6. Same—Mutual Insurance Companies—Suspended Members— Statutes.

3 Comp. Laws 1929, § 12604, limiting time for carrying suspended members by mutual fire insurance companies, does not change contract of insurance, provide period of grace, or prolong insurer's liability beyond period provided in contract, but its purpose is to correct abuse of carrying suspended members indefinitely.

As to construction of policy in favor of insured, see annotation in 11 L. R. A. 341; 13 L. R. A. 263.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 28, 1931. (Docket No. 77, Calendar No. 35,981.) Decided January 4, 1932.

Assumpsit by School District No. 7, Keeler township, Van Buren county, against Farmers Mutual Fire Insurance Company of Dowagiac, Michigan, on a policy of fire insurance. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Earl L. Burhans* and *David Anderson,* for plaintiff.

*Hendryx & Mosier,* for defendant.

CLARK, C. J. Plaintiff's schoolhouse and contents insured with defendant were destroyed by fire on January 15, 1930. Defendant denied liability and declined to pay. Plaintiff sued on the policy. Defendant had verdict and judgment. Plaintiff has appealed.

The question is that the policy lapsed for nonpayment of assessment. The charter and by-laws are a part of the contract. Pursuant to charter, an assessment was ordered due November 1, 1929, and payable on or before December 31, 1929. Plaintiff did not pay the assessment.

We quote from the charter:

"The secretary may transmit by mail a notice to each member, to his address appearing on the company's books, of the amount of his assessment to pay said losses and expenses and such transmitting if by mail shall be evidenced by proof of the depositing of such notice in the post office post paid."

And from a by-law:

"Each member shall understand and take notice that his assessment is due the 1st day of November

in each and every year, and unless such assessment is paid on or before December 31st thereafter that such failure bars him from any privileges in this company after January 1st following, no matter whether or not he has received notice of his assessment.''

Every member of plaintiff's school board testified he had received no notice of the assessment. There was testimony that one member at least had admitted receiving the notice. Defendant had testimony that notices of the assessment were mailed to all policy holders or members of defendant company on October 31, 1929, and that the notices were in the mail on November 1, 1929. Both sides requested directed verdict. The court was of the opinion there was a question of fact as to whether the notice of assessment had been mailed, which appellant admitted to be a question of fact, but contended was of no importance. After colloquy between court and counsel, there being no dispute of the amount of the loss, the sole question of fact submitted to the jury was that above stated.

Whether notice of assessment was required under the quoted sections from the charter and by-laws, or otherwise, we need not determine. The jury found notice had been given. The finding is well supported and will stand.

The instructions to the jury are criticized as tending to confuse as to when notice of assessment was given or might have been given. No notice except that of October 31st or November 1st was claimed. Defendant either gave that notice or it gave none. We see no possibility of confusion on that question.

Appellant also contends there was no issue of fact as to mailing the notice. As counsel for appellant expressly conceded in the trial that the matter sub-

mitted to the jury was an issue of fact, the contention will not be entertained.

There is no provision for suspension. Does the contract provide for lapse or forfeiture for failure to pay assessment? Having due regard for the rule that if there be language in the policy calling for construction it should be construed in favor of insured, we think the question well answered by the trial judge, quoting from his opinion:

"If a policy contains no provision for a forfeiture thereof by reason of a failure of the assured to pay assessments, failure to pay the same on the day named therein will not constitute a forfeiture of such policy. 3 Cooley's Briefs on Insurance (2d Ed.), pp. 2907–2909; 14 R. C. L. p. 975, § 148.

"A clause stating that an assessment shall be paid within a stipulated time or policy will be forfeited is valid and such a provision operates of itself to work a forfeiture. 3 Couch on Insurance, § 627; 3 Joyce on Insurance (2d Ed.), § 1261.

"So the question gets around to this: Is the condition of the by-laws, 'unless such assessment is paid on or before December 31st thereafter, such failure bars him from any privileges in this company after January 1st following,' to be construed as a provision for forfeiture?

"Privileges are special rights belonging to the individual or class and not to the mass. It is a right not enjoyed by all. As a member of defendant company, plaintiff had the right to recover for the loss if the assessment was paid on or before December 31, 1929. Plaintiff failed to pay; such failure worked a forfeiture of the policy and barred the plaintiff from the right or privilege to collect. 6 Words and Phrases (1st Series), pp. 5583, 5584; 3 Words and Phrases (2d Series), pp. 1206, 1207; 6 Words and Phrases (3d Series), p. 131."

Appellant contends, nevertheless, that it is saved by a statute, section 13, chap. 4, pt. 4, Act No. 154, Pub. Acts 1929 (3 Comp. Laws 1929, § 12604):

"If default be made in the payment of an assessment by a member of any such company, the company shall cancel the policy of such member ninety days from the final due date of such assessment, and such member shall not be liable for losses or expenses of the company incurred after the date of such cancellation, but such member shall be liable for a *pro rata* share of all indebtedness of the company to date of such cancellation."

Formerly this statute was in this form, quoting section 13, Act No. 325, Pub. Acts 1925:

"If default be made in payment of an assessment by a member of any such company, the company shall cancel the policy of such member ninety days from the due date of such assessment, and such member shall not be liable for losses or expenses of the company incurred after the date of such cancellation."

It will be observed that Act No. 154, Pub. Acts 1929, changes "due date" to "final due date," and also adds clause relative to liability for indebtedness. The legislature did not attempt to change contracts of insurance, to add a period of grace, nor to prolong the period of insurer's liability beyond that provided by the contract. It did intend to correct an abuse (again quoting from the opinion of the trial judge):

"To prevent mutual fire insurance companies carrying suspended members indefinitely and to provide a maximum and definite period for which a member in default in the payment of the assessment could be held liable for losses and expenses."

. . The contract here, by its self-executing provision, having effected a complete lapse or forfeiture on January 1, 1930, for nonpayment of assessment, plaintiff is not liable for any share of company indebtedness incurred after that date. Argument that plaintiff is so liable and therefore should have benefit of the policy is without merit.

Defendant, evidently unaware of Act No. 154, Pub. Acts 1929 (3 Comp. Laws 1929, § 12604), and attempting to observe Act No. 325, Pub. Acts 1925, under which the due date of the policy was November 1st, on February 1, 1930, wrote on its register of the policy "Canceled February 1." This was idle and calls for no discussion. There is no question of waiver or estoppel.

We find no reversible error.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.